IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
vs.                              )        Case No. CR-00-49-D
                                 )        (Case No. CIV-16-738-D)
BILLY DWIGHT SMITH, JR.,         )
                                 )
                Defendant.       )

# O R D E R

The matter before the Court are Defendant Billy Dwight Smith, Jr.'s *pro se* filing of

June 27, 2016, denominated "Successive 2255 Motion" [Doc. No. 86], and his Amended

Petition Pursuant to 28 U.S.C. § 2255 [Doc. No. 96] filed by counsel on August 24, 2016.

The Tenth Circuit authorized Defendant to file a second or successive § 2255 motion to

raise a claim based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). *See In re Smith*,

No. 16-6129 (10th Cir. May 20, 2016) (unpublished). This Court appointed the Federal

Public Defender to represent Defendant and directed the government to file a response.

The Amended Motion is now fully briefed, including supplemental briefs regarding recent

appellate decisions [Doc. Nos. 99, 103, 106 & 108]. After careful consideration of the

parties' submissions and the case record, the Court finds that no evidentiary hearing is

needed and the Amended Motion should be dismissed.[1]

---

[1] No evidentiary hearing is needed where the existing record conclusively shows the
defendant is not entitled to relief. *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996);
28 U.S.C. § 2255(b).

In 2001, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and sentenced to a 210-month term of imprisonment. Defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because he had three previous convictions for "a violent felony . . . committed on occasions different from one another." Defendant's prior felonies consisted of two convictions of robbery with firearms in violation of Okla. Stat. tit. 21, § 801, and one conviction of second degree burglary in violation of Okla. Stat. tit. 21, § 1345. The sentencing judge, the Honorable Ralph G. Thompson, overruled Defendant's objection to the ACCA enhancement, finding in a written order as follows:

> Unquestionably, the two robbery convictions fall within the ACCA's definition of violent felony:
>
> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>     (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>     (ii)    is burglary . . .
>
> 18 U.S.C. § 924(e)(2)(B). However, the defendant argues that the burglary offense does not fall within this definition.

Order of May 31, 2001 [Doc. No. 48] at 2. Judge Thompson proceeded to analyze whether Defendant's second-degree burglary conviction satisfied the ACCA's generic meaning of burglary by applying the modified categorical approach authorized by *Taylor v. United States*, 495 U.S. 575 (1990). Based on the charging document, Judge Thompson found that Defendant's conviction satisfied the generic definition of burglary and so qualified as a "violent felony" for purposes of the ACCA. *See* Order of May 31, 2001 [Doc. No. 48] at 4. The Tenth Circuit affirmed Defendant's conviction and sentence, and

the Supreme Court denied review.   *See United States v. Smith*, 33 Fed. App'x 462 (10th Cir. 2002), *cert. denied*, 537 U.S. 900 (2002).   Like Judge Thompson, the court of appeals found Defendant's second-degree burglary conviction was properly used to enhance his sentence under the ACCA because he was charged "with the requisite elements to satisfy *Taylor*'s generic burglary definition."   *Smith*, 33 Fed. App'x at 466.

On October 9, 2003, Defendant filed a *pro se* motion for relief from his sentence under 28 U.S.C. § 2255.   Defendant claimed he received ineffective assistance of counsel because his attorney failed to investigate the validity of the burglary conviction used for the ACCA enhancement.   Defendant alleged the burglary conviction had been expunged in 1989, and he submitted a certified copy of an expungement order.   The government responded by challenging the authenticity of the order and requesting an evidentiary hearing.   Counsel was appointed to represent Defendant for a hearing, but on March 25, 2004, Defendant was permitted to withdraw his § 2255 motion.   *See* Order Allowing Withdrawal Mot. [Doc. No. 74].[2]

On June 26, 2015, the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), and declared unconstitutionally vague a part of the ACCA's definition of "violent felony" commonly referred to as the "residual clause." The residual clause purported to expand a list of enumerated offenses to include any felony

---

[2]   This § 2255 motion formed the basis for a later prosecution of Defendant for making a false declaration before a court in violation of 18 U.S.C. § 1623(a).   *See United States v. Smith*, Case No. CR-06-224-D, Indictment (W.D. Okla. Sept. 21, 2006).   Defendant was convicted by a jury and received a 52-month prison sentence, to be served consecutively to his undischarged sentence in this case.   The conviction and sentence were affirmed on appeal.   *See United States v. Smith*, 531 F.3d 1261 (10th Cir. 2008).

that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See* § 924(e)(2)(B)(ii). While invalidating the residual clause, the Supreme Court expressly stated in *Johnson* that its ruling "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Johnson*, 135 S. Ct. at 2563.

In May 2016, Defendant complied with the statutory requirements for filing a second or successive § 2255 motion by applying to the Tenth Circuit for authorization to assert a claim under *Johnson*. *See In re Smith*, No. 16-6129, Petition (10th Cir. May 16, 2016). The court of appeals found Defendant had made a prima facie showing that his claim met the gatekeeping requirements of 28 U.S.C. § 2255(h)(2) and § 2244(b)(3) because *Johnson* announced a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by *Welch v. United States*, 136 S. Ct. 1257 (2016). *See In re Smith*, No. 16-6129, Order (10th Cir. May 20, 2016). After receiving the court of appeals' authorization, Defendant filed his *pro se* Motion within one year after the *Johnson* decision, and thus, the Motion is timely under § 2255(f)(3).[3]

By his Amended Motion, Defendant contends his enhanced sentence was based on three prior convictions that do not satisfy the ACCA's definition of a "violent felony" unless the now-invalid "residual clause" is used. Defendant reaches this conclusion by claiming, first, that his robbery convictions do not satisfy the "elements" or "physical

---

[3] The one-year anniversary of *Johnson* was Saturday, June 25, 2016, and the Clerk received and filed Defendant's Motion the following Monday on June 27, 2016.

force" definition of "violent felony" in § 924(e)(2)(B)(i) under current case law. Specifically, Defendant argues that the Supreme Court's clarification of the term "physical force" in *Curtis Johnson v. United States*, 559 U.S. 133 (2010), draws into question whether his Oklahoma robbery convictions now satisfy the force clause of the ACCA. Because Judge Thompson found it "unquestionable" that Defendant's two robbery convictions were violent felonies and so did not specify what part of the ACCA's definition of "violent felony" he relied on, Defendant asserts that the Court should assume constitutional error occurred.  *See* Am. Pet. [Doc. No. 96] at 7.  The Court disagrees.

Judge Thompson produced a written order that explained his decision regarding the ACCA enhancement.  In so doing, Judge Thompson quoted the applicable portions of the ACCA's definition of a "violent felony" and purposely omitted the residual clause.  Judge Thompson probably found no need to explain why the robbery convictions were violent felonies because Defendant did not object to their inclusion.  Treating Defendant's armed robbery convictions as qualifying felonies for the ACCA enhancement was proper under the elements or force clause, which requires that the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).  The Tenth Circuit had so held in *United States v. Sanders*, 18 F.3d 1488, 1489 (10th Cir. 1994).  *See also United States v. Gilbert*, No. 93-6390, 1994 WL 242221 (10th Cir. June 7, 1994) (unpublished).[4]  Thus, regardless of any later legal development regarding the ACCA's requirement of physical force, as now argued by

---

[4] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

Defendant under *Curtis Johnson*, the Court has no doubt Defendant's armed robbery convictions were treated as violent felonies under the ACCA's elements or force clause in 2001. Therefore, the Court finds that Defendant has failed to show the ACCA's residual clause played any part in the use of his robbery convictions to enhance his prison sentence.

Defendant also asserts that his second-degree burglary conviction no longer satisfies the generic meaning of burglary in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). This claim clearly cannot be brought under *Johnson*, which did not affect the ACCA's application to generic offenses. Because the residual clause was not relied on to qualify Defendant's burglary conviction as a violent felony, *Johnson* is inapplicable. Therefore, Defendant cannot seek relief from his ACCA sentence based on the burglary conviction.[5]

Under these circumstances, where Defendant has failed to show any claim based on *Johnson* or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, the Court finds that Defendant's Amended Motion must be dismissed. *See* 28 U.S.C. § 2244(b)(4) ("A district court must dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.").

---

[5] The Tenth Circuit has held that "*Mathis* did not announce a new rule" of constitutional law, as required to bring a second or successive petition for collateral relief. *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, *4 (10th Cir. Dec. 6, 2016) (unpublished).

IT IS THEREFORE ORDERED that Defendant's Successive 2255 Motion [Doc. No. 86] and his Amended Petition Pursuant to 28 U.S.C. § 2255 [Doc. No. 96] are DISMISSED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a movant. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. §2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where relief is denied on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Upon consideration, the Court finds that this standard is not met here. Therefore, a COA is DENIED, and the denial shall be included in the judgment.

IT IS SO ORDERED this 28th day of April, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

7